# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| THE LOS ANGELES LAKERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL INSURANCE COMPANY, <br><br> Defendant. | CV 21-02281 TJH (MRWx) <br><br><br> Order   JS-6 |

The Court has considered Defendant Federal Insurance Company's ["Federal"] motion to dismiss, together with the moving and opposing papers.

On March 15, 2021, Plaintiff The Los Angeles Lakers ["the Lakers"] filed this action against Federal, its insurer. The following facts are as alleged in the complaint.

In August, 2019, the Lakers purchased an all-risk commercial property insurance policy for the Staples Center from Federal ["the Policy"]. Based on the terms of the Policy, Federal was obligated to reimburse the Lakers for business income loss, along with extra expenses incurred, due to, *inter alia*: (1) Actual or potential impairment of [the Lakers's] operations caused by or resulting from direct physical loss or damage to the property ["Business Interruption Clause"]; or (2) Actual impairment of the Lakers's operations, directly caused by the prohibition of access to the property by a government

entity, provided that the prohibition of access by a civil authority must be the direct result of direct physical loss or damage to property away from, but within one mile of, the Lakers' covered property ["Civil Authority Clause"].

As early as December, 2019, COVID-19, a highly communicable virus, began spreading in Los Angeles. COVID-19 can be transmitted through aerosol droplets, which can be inhaled or land on nearby surfaces. Some studies have concluded that COVID-19 can be transmitted from physical surfaces.

In March, 2020, Lakers players, staff, and others – who were physically present at the Staples Center during the previous weeks – tested positive for COVID-19. Accordingly, COVID-19 was physically present in the Staples Center. Specifically, the Lakers alleged that "[t]he presence of [COVID-19] at the Staples Center damaged the property . . . [and] the damage caused by the presence of the virus at the Staples Center made it unsuable for hosting Lakers games with fans in attendance for months." "As a result, the Lakers suffered tens of millions of dollars in lost revenue."

Within a mile from the Staples Center are, *inter alia*, five Metro stations that fans utilize to get to the Staples Center. COVID-19 was, also, present and damaged those Metro stations.

State and local authorities called for the postponement or cancellation of all professional sporting events. For example, on April 1, 2020, Los Angeles Mayor Eric Garcetti revised his March 19, 2020, "Safer at Home" order to explain that "the COVID-19 virus can spread easily from person to person and it is physically causing property loss or damage due to its tendency to attach to surfaces for prolonged periods of time."

Based on COVID-19, the Lakers submitted a claim for coverage under the Business Interruption and Civil Authority Clauses in the Policy. On May 14, 2020, Federal denied the claim. Subsequently, the Lakers initiated this action for declaratory judgment, breach of contract, and breach of the covenant of good faith and fair dealing.

Federal, now, moves to dismiss all of the Lakers's claims for failure to state a

claim.

While a complaint need not include detailed factual allegations for each element of each claim, it must contain enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A plaintiff cannot simply restate the elements of its claim, but, rather, must allege enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, the Court must accept all allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Iqbal*, 556 U.S. at 678. However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 679.

The Lakers's claims are predicated on the premise that Federal improperly denied its claim. The parties agree, here, that whether Federal properly denied the Lakers' claim turns on whether the presence of COVID-19 at the Staples Center and the surrounding transportation stations constituted a "direct physical loss or damage to the property."

The Policy is a contract and, therefore, the ordinary rules of contractual interpretation apply. *See Palmer v. Truck Ins. Exchange*, 21 Cal. 4th 1109, 1115 (1999). When interpreting the Policy, the Court must give the Policy's terms their ordinary and popular meaning. *See Palmer*, 21 Cal. 4th at 115.

Under California law, "a direct physical loss contemplates an actual change in insured property then in a satisfactory state, occasioned by accident or other fortuitous event directly upon the property causing it to become unsatisfactory for future use or requiring that repairs be made to make it so." *See MRI Healthcare Center of Glendale, Inc. v. State Farm General Ins. Co.*, 187 Cal. App. 4th 766, 779 (2010). For there to be a "loss," the property must have been "damaged" within the common understanding of the that term. *MRI*, 187 Cal. App. 4th at 780.

The Lakers rely on, *inter alia*, the allegation that the presence of COVID-19 at

the Staples Center and the surrounding transportation stations "physically alters [that] property" and "damages [the] buildings, fixtures, systems, and personal property. . . all of which constitutes physical damage to and loss of the properties." However, the Lakers' allegations are merely legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 679. The Lakers failed to allege any facts to support its conclusion that the presence of COVID-19 constituted a "direct physical loss or damage". *See MRI*, 187 Cal. App. 4th at 780.

Thus, the Lakers failed to adequately state a claim for any of its claims. *See Iqbal*, 566 U.S. at 678.

Accordingly,

𝔍𝔱 𝔦𝔰 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that the motion to dismiss be, and hereby is, 𝔊𝔯𝔞𝔫𝔱𝔢𝔡 without prejudice.

Date: August 11, 2021

_____
Terry J. Hatter, Jr.
Senior United States District Judge