1
2
3
4
5
6
7

# United States District Court
# Central District of California
# Western Division

THE LOS ANGELES LAKERS, INC.,

Plaintiff,

v.

FEDERAL INSURANCE COMPANY,

Defendant.

CV 21-02281 TJH (MRWx)

Order

The Court has considered the motion for reconsideration by Defendant Federal Insurance Company ["Federal"] [dkt. # 58], and the motion to certify an order for an interlocutory appeal by Plaintiff The Los Angeles Lakers, Inc. ["the Lakers"][dkt. # 57], together with the moving and opposing papers.

This case concerns insurance claims tendered by the Lakers to Federal under the Lakers' all-risk commercial property insurance policy ["the Policy"], which covered the Staples Center, as it was then known, and the UCLA Health Training Center [collectively, "the Covered Properties"]. The Lakers tendered claims for property damage, business interruption, and civil authority losses related to the SARS-CoV-2 virus ["the Virus"], which causes the COVID-19 disease. Federal denied the claims,

concluding that there was no "direct physical damage or loss" to the Covered Properties, a prerequisite for coverage for those claims.

On October 6, 2021, the Lakers filed their First Amended Complaint ["FAC"] for declaratory judgment, breach of contract, and breach of the implied covenant of good faith and fair dealing.  On March 17, 2022, the Court issued an order granting, in part, and denying, in part, Federal's Fed. R. Civ. P. 12(b)(6) motion to dismiss ["the March 17 Order"].   The Court denied the motion to dismiss to the extent that the Lakers' property damage claims were based only on property damage.  The Court granted the motion to dismiss to the extent that the business interruption claims were based on losses caused by the closure of the Covered Properties, and to the extent that the civil authority loss claims were based on losses caused by government orders that prohibited access to the Covered Properties as a result of damage to other nearby properties.

Federal, now, moves for reconsideration of the March 17 Order, and the Lakers, now, move for an order certifying the March 17 Order for an interlocutory appeal.

**Reconsideration**

The Court may grant reconsideration, here, for any of the following reasons: (1) A material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to Federal at the time of the Court's decision; (2) The emergence of new material facts or a change of law; or (3) A manifest showing of the Court's failure to consider material facts.  *See* L.R. 7-18.

When the Court issued the March 17 Order, no California state appellate court, other than in *dicta*, had considered whether a virus can cause physical alterations to property, *see Inns by the Sea v. Cal. Mut. Ins. Co.*, 71 Cal. App. 5th 688, 704-06 (2021), as required for insurance claims that – like the Lakers' property damage claims, here – seek coverage for direct physical damage or loss to property, *see Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 892 (9th Cir. 2021).

On April 22, 2022, Division 4 of California's Second District Court of Appeal issued an opinion holding that "the presence or potential presence of the [V]irus does not

1    constitute direct physical damage or loss." *United Talent Agency v. Vigilant Ins. Co.*, 77

2    Cal. App. 5th 821, 838 (2022).  Federal argued that *United Talent Agency* constitutes a

3    change in the law that warrants reconsideration of the March 17 Order.

4          Like the Lakers did, here, United Talent Agency alleged that the Virus physically

5    changed surfaces and objects at its property through physical and chemical reactions,

6    thereby requiring remediation.  *United Talent Agency*,  77 Cal. App. 5th at 826-27.

7    Division 4 affirmed the Superior Court's order sustaining the demurrer against United

8    Talent Agency.   *United Talent Agency*,  77 Cal. App. 5th at 841-42.

9          On July 13, 2022, Division 7 of California's Second District Court of Appeal

10   issued an opinion, in *Marina Pac. Hotel & Suites, LLC v. Fireman's Fund Ins. Co.*, 81

11   Cal. App. 5th 96 (2022), that contradicted *United Talent Agency*.   The Lakers informed

12   the Court of *Marina Pacific Hotel* by way of a Notice of Supplemental Authority.

13         *Marina Pacific Hotel* held that the plaintiffs, who had alleged facts comparable

14   to those alleged both by the Lakers, here, and by United Talent Agency, had

15   "unquestionably pleaded direct physical loss or damage to covered property within the

16   definition articulated [by California courts] – a distinct, demonstrable, physical alteration

17   of the property." *Marina Pac. Hotel*, 81 Cal. App. 5th at 109 (citing *MRI Healthcare*

18   *Ctr. of Glendale, Inc. v. State Farm Gen. Ins. Co.*, 187 Cal. App. 4th 766, 779 (2010).)

19   Division 7 , further, stated:

20         Unlike in federal court, the plausibility of the insureds' allegations has no

21         role in deciding a demurrer under governing state law standards which, as

22         discussed, require us to deem as true, "however improbable," facts alleged

23         in a pleading[.]

24         ...

25         [T]he *United Talent Agency* court, based on its *de novo* review, affirmed a

26         trial court ruling that, like the decision we review, found – without evidence

27         – the COVID-19 virus does not damage property.  But the insureds here

28         expressly alleged that it can and that it did, including the specific allegation

1   they were required to dispose of property damaged by COVID-19. We are

2   not authorized to disregard those allegations when evaluating a demurrer,

3   as the court did in *United Talent Agency*, based on a general belief that

4   surface cleaning may be the only remediation necessary to restore

5   contaminated property to its original, safe-for-use condition.

6   *Marina Pac. Hotel*, 81 Cal. App. 5th at 109-110 (citations omitted).

7   Based on the issuance of those two new California Court of Appeal opinions, the

8   Court will reconsider the March 17 Order.

9   Both *United Talent Agency* and *Marina Pacific Hotel* underscore the central

10  question, here – how much credit should the Court give to factual allegations premised

11  on a scientific theory that requires scientific expertise to evaluate?  At the current

12  procedural juncture, federal pleading standards must be used to resolve that question.

13  When considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must

14  accept – as true – all factual allegations, unless they are legal conclusions, threadbare

15  recitals of the elements of a claim, or not factually plausible.  *See Ashcroft v. Iqbal*, 556

16  U.S. 662, 678-79 (2009).   To determine whether an allegation is plausible, the Court

17  must "draw on its judicial experience and common sense."  *See Iqbal*, 556 U.S. at 679.

18  Further, here, the Court must draw all reasonable inferences in favor of the Lakers.  *See*

19  *Iqbal*, 556 U.S. at 679.

20  The Court lacks the scientific expertise necessary to conclude, based solely on the

21  allegations in the FAC, *see Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322

22  (2007), that it is not plausible for the Lakers' property to have been physically altered by

23  the Virus, which the Lakers adequately alleged.  Consequently, the Court, in the March

24  17 Order, concluded that the Lakers' theory was plausible.  Whether the Lakers can

25  actually *prove* its theory will be determined at summary judgment or trial.

26  Consequently, the March 17 Order must be affirmed after reconsideration.

27  **Interlocutory Appeal**

28  The Court may issue a certificate of appealability for an interlocutory appeal from

an order that "involves a controlling question of law as to which there is substantial ground for difference of opinion and ... an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).

The question of whether the Lakers sufficiently stated claims, here, regarding its insurance claims for business interruption and civil authority coverage satisfies the standard for an interlocutory appeal.  That question bears significantly on the resolution of this case, and the large number of nearly identical cases that are, currently, being litigated within the Ninth Circuit shows that the question presents a novel legal issue on which fair-minded jurists might reach contradictory conclusions.  *See Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

Accordingly,

It is Ordered that Defendant Federal Insurance Company's motion for reconsideration be, and hereby is, Granted.

It is further Ordered that the March 17 Order be, and hereby is, Affirmed.

It is further Ordered that Plaintiff The Los Angeles Lakers, Inc.'s motion for certification of an interlocutory appeal be, and hereby is, Granted.

Date: October 26, 2022

Terry J. Hatter, Jr.
Senior United States District Judge